

APPLICATION GRANTED
SO ORDERED
/s/ John G. Koeltl
John G. Koeltl, U.S.D.J.
4/21/23

mwe.com

Lisa Gerson
Attorney at Law
lgerson@mwe.com
+1 212 547 5769

**VIA ECF**

April 21, 2023

Honorable John G. Koeltl
United States District Court
500 Pearl Street
New York, New York 10007

    Re:    *Boyette et al. v. Montefiore Medical Center et al.*, Case No. 1:22-cv-05280

Dear Judge Koeltl:

Pursuant to Your Honor's Individual Rule VI.A.2, Montefiore Medical Center ("Montefiore") respectfully moves to file under seal Exhibits 14 and 15 to the Declaration of John J. Calandra in Support of Defendants' Motion to Dismiss (the "Calandra Declaration"). In support of this letter motion, Defendants state as follows:

**I.    Legal Standard**

The Second Circuit has articulated a three-step process for determining whether sealing is appropriate. First, a court must determine whether the documents at issue constitute "judicial documents" to which a presumption of access attaches. *Graczyk v. Verizon Commc'ns, Inc.*, 2020 WL 1435031, at *8 (S.D.N.Y. Mar. 24, 2020). A "judicial document," is, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Second, if the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. *Id.* Third, "after determining the weight of the presumption of access, the court must balance competing considerations against it." *Graczyk*, 2020 WL 1435031, at *8. Relevant considerations that weigh in favor of sealing or redacting documents include competitive harm, including harm due to disclosure of confidential pricing information. *See, e.g., Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 2918026, at *2 (N.D.N.Y. June 18, 2019) ("Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard." (internal quotations omitted)); *Hypnotic Hats Ltd., v. Wintermantel Enterprises, LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. 2018) (documents commonly sealed include marketing plans, revenue information, pricing information, and the like); *Saint-Jean v. Emigrant Mortgage Co.*, 2016 WL 11430775 at *4 (E.D.N.Y May 24, 2016) (same).

## II.  Montefiore's Recordkeeping and Services Agreements with Fidelity Workplace Services LLC

Montefiore seeks to file under seal: (1) the Montefiore and Fidelity Recordkeeping and Related Services Agreement for Montefiore Medical Center 403(b) Plan (Exhibit 14), (2) the Fourth Amendment to the Recordkeeping and Related Services Agreement between Fidelity Workplace Services LLC and Montefiore Medical Center (Exhibit 15), and (3) two redactions in its memorandum of law containing information from Exhibits 14 and 15. These materials reflect sensitive, commercially competitive information. *See* Decl. of Paul Keller in Support of Montefiore Medical Center's Motion to Seal ("Keller Decl.") ¶¶ 3-5. Specifically, they include the proprietary information of Fidelity, a third party to this litigation, including detailed information on pricing and services offered to the Montefiore Plan. *Id.* ¶¶ 3-4.

Courts in this Circuit recognize that, "[t]he demonstration of a valid need to protect the confidentiality of confidential and proprietary business information may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021); *see also Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (permitting the sealing of "billing rates and project pricing, as well as details of specific projects completed for several clients"); *GoSMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

The confidential information of third parties—including pricing information and "other information related to [] perceived competitive advantages"—is particularly appropriate for sealing. *See Cunningham v. Cornell University*, 2019 WL 10892081, at *2 (S.D.N.Y. Sept. 29, 2019) (granting motion to seal and recognizing that "the privacy interests of innocent third parties … should weigh heavily in a court's balancing equation." (quotations omitted)).

The details of the services that Fidelity provides to the Montefiore Plan and the associated costs incurred in connection with these services are considered confidential and have been maintained as such by Montefiore. *See* Keller Decl. ¶ 5. The documents themselves were marked Confidential by Fidelity and are not intended for public disclosure. *See Bayer Schera Pharma AG v. Sandoz, Inc.*, 2009 WL 10697941, at *1 (S.D.N.Y. Apr. 13, 2009) (defendant's efforts to maintain documents and data as confidential are a factor that weigh in favor of sealing).

\*\*\*

For the foregoing reasons, Montefiore respectfully requests that the Court enter an Order granting it leave to file Exhibits 14 and 15 to the Calandra Declaration under seal, and to redact two statements in its memorandum of law that contain information from these exhibits.

2

Respectfully submitted,

*[signature]*

Lisa Gerson
Counsel for Montefiore Medical Center